UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TITLE ONE, INC., a
a Michigan Corporation,

        Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
a foreign corporation,

        Defendant.

Case No.  08-11624
District Judge John Feikens
Magistrate Judge R. Steven Whalen

and

WILLIAM R. ELDRIDGE, NEW
REALTY, INC.,

        Plaintiff,

v.

TITLE ONE INSURANCE CORP.,

        Defendant,

vs.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.,
a foreign Corporation,

        Garnishee.

Case No. 08-12084
District Judge John Feikens
Magistrate Judge R. Steven Whalen

_____/

**REPORT AND RECOMMENDATION**

Before the Court are Plaintiff Title One, Inc.'s ("Title One's") Motion for Summary Judgment [08-11624, Docket #12], Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union's") Motion for Summary Judgment [08-11624, Docket #13], Plaintiff William R. Eldridge, New Realty, Inc.'s ("New Realty's") Motion for Summary Judgment [08-12084, Docket #11] and Defendant Garnishee National Union's Motion for Summary Judgment [08-12084, Docket #13] which have been referred for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend the following:

> Plaintiff Title One, Inc.'s ("Title One's") Motion for Summary Judgment [08-11624, Docket #12] should be DENIED.
>
> Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union's") Motion for Summary Judgment [08-11624, Docket #13] should be GRANTED.
>
> Plaintiff William R. Eldridge, New Realty, Inc.'s ("New Realty's") Motion for Summary Judgment [08-12084, Docket #11] should be DENIED.
>
> Defendant Garnishee National Union's Motion for Summary Judgment [08-12084, Docket #13] should be GRANTED.

## I. PROCEDURAL BACKGROUND

On March 11, 2004, New Realty filed suit against Title One in Oakland County Circuit Court (Case no. 04-056814) alleging breach of an escrow agreement, conversion/embezzlement, breach of fiduciary duty, and unjust enrichment by Title One in its role as escrow agent in a 2002 real estate agreement between New Realty (seller) and Town and Country (purchaser). On December 27, 2007, New Realty and Title One entered

a forbearance agreement in which Title One paid Eldridge Entities $100,000 and additionally assigned the rights to collect the remainder of an anticipated arbitration award from Title One's insurer, National Union. On February 1, 2008, an arbitration award of $200,000 was entered against Title One.

On March 13, 2008, Title One filed suit against its insurer, National Union, in Wayne County Circuit Court for $100,000, as well as $38,000 in costs and fees, alleging that the insurer had breached its contract in denying coverage. The suit was removed to this Court on April 16, 2008. Case no. 08-11624. On March 27, 2008, New Realty filed a Writ of Garnishment against National Union in Oakland County Circuit Court, seeking to recover the remainder of the arbitration award pursuant to the December 27, 2007 agreement. The action was removed to this Court on May 12, 2008. Case no. 08-12084.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.  ANALYSIS

National Union argues that it is not obligated to provide coverage for the arbitration award in the underlying case and therefore, claims by both New Realty and Title One for the recovery of the arbitration award are subject to dismissal. Case no. 08-11624, *Docket #13,* i;  08-12084, *Docket #13,* i. National Union makes three discrete arguments in favor of summary judgment. *Id.* In regard to Title One's claim, National Union makes the additional argument that Title One is not entitled to costs and expenses. Case no. 08-11624, *Docket #13,* i.

Conversely, New Realty and Title One, contending that National Union is obligated to provide coverage for the March, 2004 lawsuit, first reported by Title One in August/September, 2007, argue that they are collectively entitled to recovery of the arbitration award plus interest and costs, consistent with the December, 2007 forbearance.

Case no. 08-11624, *Docket #12,* 08-12084; *Docket #11.*[1]

## The "Claims-made Policy"

Despite its acknowledgment that Title One "was insured . . . under five consecutive one-year professional liability insurance policies," Nation Union argues that it was not obligated to indemnify Title One against the March, 2004 lawsuit by New Realty.  Case no. 08-11624, *Docket #13,* at 6-12;  08-12084, *Docket #13,* at 6-12.  National Union notes that although New Realty filed suit on March 11, 2004, Title One failed to report the claim, as required by the terms of the policy within the insured period of January 29, 2004 to January 29, 2005.  National Union points out that it was not provided with notice of the claim by New Realty until August or September of 2007.  *Id.* at 11; 12.

The "Miscellaneous Professional Liability Policy" issued by Nation Union for both January 29, 2004 to January 29, 2005 and January 29, 2007 to January 29, 2008 contain the following statement:

> "This is a claims made policy.  Except to such extent as may otherwise be provided herein, the coverage of this policy is limited to liability for only those

---

[1] Title One also argues briefly that it is not beholden to New Realty for funds in addition to those paid in conformance with the December, 2007 forbearance agreement. Case no. 08-11624, *Docket #12* at pg. 21 of 23.  Although New Realty is not a party to Case no. 08-11624, New Realty's response brief, Case no. 08-12084, *Docket #15,* at pg. 7 of 8 states that "while Title One may not be responsible for any other amounts that may be due to the Eldridge Entities over and above the $100,000 which has already been paid to Eldridge by Title One, Title One is bound by the forbearance agreement to cooperate with Eldridge and New Realty in their effort to recover additional sums from [National Union]. ' Because New Realty and Title One have discussed their respective positions only in motions opposing National Union (and not each other) the Court declines to address these arguments.

> claims that are first made against you and reported in writing to us during the policy period."

Case no. 08-11624, *Docket #13,*Exhibit L;  08-12084, *Docket #13,* Exhibit L.

The Michigan Supreme Court in *Stine v. Continental Cas. Co.,* 419 Mich. 89, 97-98, 349 N.W.2d 127, 130 (1984)(*citing Kroll, The Professional  Liability Policy "Claims Made"*, 13 Forum 842, 843 (1978)) notes the differences between a "claims made" and the more conventional "occurrence" policy:

> "The major distinction between the 'occurrence' policy and the 'claims made' policy constitutes the difference between the peril insured. In the 'occurrence' policy, the peril insured is the 'occurrence' itself. Once the 'occurrence' takes place, coverage attaches even though the claim may not be made for some time thereafter. While in the 'claims made' policy, it is the making of the claim which is the event and peril being insured and, subject to policy language, regardless of when the occurrence took place."

Because "occurrence" policies generally pertain to "a definite, easily identifiable and notorious event such as an automobile accident, a fire, a slip and fall injury, or a ship collision, the insurer is ordinarily able to conduct a prompt investigation of the incident . . . permit[ting] relative certainty in estimating loss ratios, establishing reserves, and fixing premium rates." *Id.,* 419 Mich. at 98, 349 N.W.2d at 131.  "'Claims made' . . .  policies, on the other hand . . . were developed primarily to deal with situations in which the error, omission, or negligent act is difficult to pinpoint and may have occurred over  an extended period of time." *Id.*  Examples of a "claims made" policy include "a physician's misdiagnosis, an attorney's fraudulent concealment, or an architect's defective design.   From an underwriting perspective, occurrence policies are unrealistic for such risks because of the

long or open 'tail' exposure which results." *Id.* at 99, 349 N.W.2d at 131.

In the instant case, the "Professional Services" policies by Nation Union, offering coverage to the title agency, falls into the "claims made" category. *State Bar of Michigan v. National Union Fire Ins. Co. of Pittsburgh, Pa.,* 2008 WL 4901108, *3, fn 5 (E.D.Mich. 2008)(Rosen, J.). Under the plain language of the policy, Title One's failure to report the March 11, 2004 action by New Realty before the January 29, 2005 expiration of the policy (a condition precedent to coverage) defeats its claim. *See Sigma Financial Corp. v. American Intern. Specialty Lines Ins. Co.,* 200 F.Supp.2d 710, 716 (E.D.Mich. 2002)(Borman, J.)("The notice provision of a claims-made policy is just as important to coverage as the requirement that the claim [or potential claim] be asserted during the policy period."). As such, "[i]f the insured does not give notice within the contractually required time period . . . there is simply no coverage under the policy." *Id.* (Internal citations omitted).

Nevertheless, Title One contends that the policy is bound by the language of M.C.L. 500.3008 which states in pertinent part:

> "failure to give any notice required to be given by such policy within the time specified therein shall not invalidate any claim made by the insured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as reasonably possible."

Case no. 08-11624, *Docket #12* at 13. Title One also cites *Wendel v. Swanberg,* 384 Mich 468, 185 N.W. 2d 348 (1971) for the proposition that to deny coverage, National Union must show that it was prejudiced by the delay in reporting the claim. 08-11624, *Docket #12* at 13.

These arguments are dismissible on multiple grounds. First, as held in *Schubiner v. New England Ins. Co.,* 207 Mich.App. 330, 331, 523 N.W.2d 635, 636 (Mich.App. 1994), the "prejudice" requirement discussed in *Wendel* applies only to "occurrence" policies. Because *Stine, supra,* issued subsequent to *Wendel,* contains a "clear discussion" of the differences between occurrence and "claims made" policies*,* the *Schubiner* court found "no basis for applying that principle" to a "claims made policy." *Schubiner v. New England Ins. Co.,* at 331, 523 N.W.2d at 636. *See also State Bar of Michigan,* 2008 WL 4901108, *15-16 (citing *Dellar v. Frankenmuth Mutual Insurance Co.,* 173 Mich.App. 138, 433 N.W.2d 380, 382-83 (1988))(as here, "an insured's failure to comply with such a specific time limit barred 'recovery on a claim without regard to whether the insurer is prejudiced by such failure.'")[2]

---

[2]

Title One also cites *Sherlock v. Perry,* 605 F.Supp. 1001, 1005 (E.D.Mich.1985), in support of its argument that National Union's failure to show prejudice precludes withholding coverage. However, *State Bar of Michigan,* at *15-16, acknowledging that *Wendel,* 185 N.W.2d at 352-53 states that "[p]rejudice to the insurer is a material element in determining whether notice is reasonably given," disagrees with the *Sherlock* application to "claims made" policies, noting as follows:

"First, Plaintiff cites the decision in *Sherlock v. Perry*, 605 F.Supp. 1001, 1005 (E.D.Mich.1985), in which the court held that Wendel's requirement of prejudice was applicable to a "claims made" policy. Yet, because Sherlock predates Schubiner, the district court had no occasion or opportunity to suggest how the court in Schubiner might have erred in distinguishing between "occurrence" and "claims made" policies. *State Bar,* at *15.
    *                    *                    *
"In addressing the requirement to show prejudice, [*Wendell*]did not cite [§500.3008] or any other statute. Rather, after first observing that '[p]rovisions in liability insurance contracts requiring the insured to give the insurer immediate or prompt notice of accident or suit are common, if not universal,' the Court then looked exclusively to its own prior decisions for the propositions."

-8-

Further, Title One and New Realty's claim pursuant to M.C.L. 500.3008 that Title One gave National Union notice of New Realty's lawsuit "as soon as reasonably possible" is dismissible as a matter of law. New Realty, citing *Pension Trust fund For Operation Engineers v. Federal Insurance Company,* 307 F .3d 994, 956-57 (9th Cir. 2002), admits that Title One's policy was a "claims made" policy, but distinguishes it from a "claims-made-and reported policy," contending that in the policy at issue, notice is not a condition precedent to coverage, but instead must be given "as soon as practicable." Case no. 08-12084, *Docket #11* at 7-8 of 15. New Realty, citing a number of "occurrence" policy cases, argues that reporting the March, 2004 lawsuit more than three years later was "as soon as practicable" or "as soon as reasonably possible" under §500.3008.

The Court need not address the purported distinction between "claims made" and "claims-made and reported" policies. By no stretch of the imagination can Title One's 41-month delay in reporting the lawsuit be deemed "as soon as practicable." Title One's delay is unreasonable as a matter of law. Title One's president, Bernard Youngblood has admitted that his company did not notify National Union of the claim until more than three years after the claim although such notice would have been possible before the expiration of the 2004-2005 policy on January 29, 2005. Case no. 08-11624, *Docket #17,* Exhibit B at pgs. 47, 52-53. New Realty, alleging that Youngblood refrained from reporting the claim to avoid a premium increase, argues that giving notice at the time the lawsuit was filed (or at least

---

*Id* at *16 (*citing Wendel*, 384 Mich. at 477, 185 N.W.2d at 352).

before the expiration of the policy on January 29, 2005) was "neither reasonable nor practicable." Case no. 08-12084, *Docket 11* at pg. 9 of 15.   Title One did not report the claim as soon as reasonably possible, but instead, made a calculated decision not to report the claim within required period - a poor choice in hindsight.  The conspicuously tardy claim was reported only after it became obvious that the cost of litigation and anticipated judgment would grossly outweigh the projected premium increases.  In short, although Title One purchased a "claims made" policy, it now seeks coverage under the most liberal definition of an "occurrence" policy, requiring coverage under circumstances well outside the bargained for terms of its agreement with First Union.  *See Stine, supra,* at 99, 349 N.W.2d at 131.  For identical reasons (as well as the  plain language of the January 29, 2007 to January 29, 2008 policy) the overlapping argument that National Union should provide coverage for the March, 2004 lawsuit because Title One had a "claims made" policy in effect at the time of the August/September, 2007 notice is without merit.

Because National Union has shown that Title One is not entitled to coverage on the basis of untimeliness (also extinguishing New Realty's claim to the assigned rights) the Court declines to address the  remaining arguments in favor of dismissal.

## **IV. CONCLUSION**

For these reasons, I recommend the following:

Plaintiff Title One, Inc.'s ("Title One's") Motion for Summary Judgment [08-11624, Docket #12] should be DENIED.

-10-

Defendant National Union Fire Insurance Company of Pittsburgh, PA's ("National Union's") Motion for Summary Judgment [08-11624, Docket #13] should be GRANTED.

Plaintiff William R. Eldridge, New Realty, Inc.'s ("New Realty's") Motion for Summary Judgment [08-12084, Docket #11] should be DENIED.

Defendant Garnishee National Union's Motion for Summary Judgment [08-12084, Docket #13] should be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
UNITED STATES MAGISTRATE JUDGE

Dated: September 1, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 1, 2009.

s/Susan Jefferson
Case Manager